**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 17-00144 (EAG) |
| OSCAR CRESPO QUIÑONES, | |
| DEBTOR. | |
| ———————————————— | |
| ARLENE E. SANTIAGO VELAZQUEZ, | ADVERSARY NO. 19-00397 (EAG) |
| PLAINTIFF/COUNTER DEFENDANT | |
| v. | |
| OSCAR CRESPO QUIÑONES, | |
| DEFENDANT/COUNTERCLAIMANT. | FILED & ENTERED ON 03/26/2021 |
| ———————————————— | |

**OPINION AND ORDER**

Pending before the court is the debtor's motion to dismiss the adversary complaint, and the opposition and reply to it. (Adv. Dkt. Nos. 53, 72 & 77.) Also pending is the plaintiff's motion to dismiss the debtor's counterclaims, and the opposition and replies to it. (Adv. Dkt. Nos. 24, 37, 48 & 55.) For the following reasons, the court grants the debtor's motion to dismiss the complaint and denies the plaintiff's motion to dismiss the counterclaims.

**I.      Jurisdiction.**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11

Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.).[1] This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. Procedural History.

On January 13, 2017, Oscar Crespo Quiñones ("Dr. Crespo" or "debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. (Bankr. Dkt. No. 1.) On March 31, 2017, the debtor's ex-wife Arlene Santiago Vazquez ("Ms. Santiago" or "plaintiff") filed proof of claim #3-1, which she later amended twice. (Claims Register Nos. 3-1, 3-2, & 3-3.) Ms. Santiago's last-filed proof of claim is in the amount of $2,427,722.50, of which $956,104.45 is listed as priority as a domestic support obligation ("DSO"). (Claims Register No. 3-3.) The claim corresponds to judgments entered in two local court cases. Id. While the debtor filed an objection to Ms. Santiago's prior proof of claim (Bankr. Dkt. No. 125), no objection has been filed to amended proof of claim #3-3.

No chapter 11 plan was confirmed, and on August 6, 2018 the debtor moved to convert the case to chapter 7, citing an inability to reach an agreement with Ms. Santiago about her claim. (Bankr. Dkt. No. 189.) The court granted the request, and a chapter 7 trustee was appointed on August 7, 2018. (Bankr. Dkt. Nos. 193 & 195.) The following month, Ms. Santiago filed proof of claim #11-1 in the amount of $100,000.00, wholly priority, for administrative expenses based on DSO arrears accrued from the date of the filing of the petition up to the date

---

[1]/Unless otherwise indicated, all references to "Bankruptcy Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101-1532. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

of the conversion of the case to chapter 7.  (Claims Register No. 11-1.)  No objection to this claim has been filed either, but Dr. Crespo in his counterclaims is  seeking to re-characterize Ms. Santiago's two proofs of claim as non-priority.  (Adv. Dkt. No. 16, Counterclaims at ¶¶17-28.)

On September 20, 2018, Ms. Santiago filed a motion to modify the automatic stay to allow her to continue with proceedings in two local court cases.  (Bankr. Dkt. No. 211.)  In one case, Ms. Santiago seeks to collect on amounts owed to her by Dr. Crespo per their 2006 divorce judgment, under which Ms. Santiago is to receive $5,000.00 per month as agreed to in the prenuptial agreement.  See Civil No. KDI2005-0850 & Civil No. KAC2010-1494.  In the second, Ms. Santiago is bringing an action to collect on a judgment entered in her favor in the amount of $1,148,000.00, plus interest, for the liquidation of the corporate assets of several entities of which Dr. Crespo was a shareholder. See Civil No. KAC2006-5977 & KAC2010-1494. Ms. Santiago seeks to pierce the corporate veil, alleging that Dr. Crespo transferred assets from those entities to other entities without keeping intact the corporate fiction, all in an attempt to defraud creditors and hide assets.  See KAC2010-1494.

The court granted Ms. Santiago's motion to modify the stay on October 16, 2018, stating:

> The stay is modified to allow movant to go forward to the point of judgment on the piercing of the corporate veil.  That would include naming the individual [d]ebtor and whatever discovery is appropriate.  Once there is a decision on the piercing of corporate veil, [m]ovant is to inform this Court.  Movant may extend the deadline to object to the [d]ischarge.  Also, the stay is modified to allow the [m]ovant … to go forward in the [s]tate [c]ourt for collection of post conversion of [sic] Domestic Support Obligation claims.

(Bankr. Dkt. No. 233.)

On November 5, 2018, Ms. Santiago filed a motion to extend the deadline to object to discharge and to file a nondischargeability complaint, which the court granted.  (Bankr. Dkt. Nos. 227 & 246.)  The debtor filed a second motion for extension on April 18, 2019, which the court granted on May 10, 2019.  (Bankr. Dkt. Nos. 267 & 274.)  As will be discussed in more detail below, the May 10th court order only extended the deadline to object to discharge, not the deadline to file a nondischargeability complaint.

The Adversary Proceeding

On July 12, 2019, Ms. Santiago filed this adversary proceeding against the debtor for nondischargeability of debts incurred by false pretenses, false representations or actual fraud under section 523(a)(2) and for debts incurred by defendant's willful and malicious injury under section 523(a)(6). (Adv. Dkt. No. 1.)  The complaint also includes a count for collateral estoppel, by which Ms. Santiago seeks to apply findings made in local court to her nondischargeability claims.  Id.

On September 6, 2019, Dr. Crespo filed an answer and counterclaims seeking a declaratory judgment that neither of Ms. Santiago's proofs of claim qualify as DSO,  as well as counts for violation of the automatic stay and civil contempt.  (Adv. Dkt. No. 16.)

On October 28, 2019, Ms. Santiago moved to dismiss the counterclaims.  (Adv. Dkt. No. 24.) Dr. Crespo filed an opposition on December 20, 2019, and both parties have filed replies. (Adv. Dkt. Nos. 37, 48 & 55.)

On April 13, 2020, Dr. Crespo filed a motion to dismiss the complaint.  (Adv. Dkt. No. 53.) Ms. Santiago filed an opposition on June 3, 2020, and the debtor has since replied.  (Adv. Dkt. Nos. 72 & 77.)

On July 23, 2020, Ms. Santiago moved for leave to amend the complaint to add a count to object to discharge under section 727(a), which Dr. Crespo opposed. (Adv. Dkt. Nos. 92 & 94.) The court denied the motion because the deadline to amend the pleadings, which the court previously extended, had already expired on June 10, 2020. (Adv. Dkt. Nos. 52, 56, 74, 86 & 98.)

On August 23, 2020, Dr. Crespo moved for offensive summary judgment as to the declaratory judgment count of his counterclaims. (Adv. Dkt. No. 93.) Ms. Santiago has requested an extension of time to respond to the motion for partial summary judgment until after the court adjudicates the two motions to dismiss. (Adv. Dkt. No. 97.) A separate order fixing a deadline for Ms. Santiago to respond to the motion for partial summary judgment will be entered.

In November 2020, both the main bankruptcy case and this adversary proceeding were transferred to the undersigned. (Bankr. Dkt. No. 291; Adv. Dkt. No. 107.)

**III.     Motion to Dismiss Standard Under Rule 12(b)(1) & 12(b)(6)**

Rule 12(b)(1) Standard

Under Rule 12(b)(1), made applicable to bankruptcy adversary proceedings by Bankruptcy Rule 7012, a party may request the dismissal of a complaint for "lack of subject matter jurisdiction." Fed. R. Bankr. P. 7012(b)(1). "Because federal courts are courts of limited jurisdiction, federal jurisdiction is never presumed." Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). Instead, the plaintiff, "must carry the burden of demonstrating the existence of federal jurisdiction." Id.

When evaluating a motion to dismiss under Rule 12(b)(1), the "court must construe the

complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996). Under Rule 12(b)(1), "the court may consider documents outside the pleadings, such as exhibits and affidavits attached to the motion to dismiss, and the opposition." Mercado Arocho v. United States, 455 F. Supp. 2d 15, 17 (D. P.R. 2006).

Rule 12(b)(6) Standard

Rule 8(a)(2), made applicable to adversary proceedings by Bankruptcy Rule 7008, requires a plaintiff to include in the complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." Failure to do so is grounds for dismissal under Rule 12(b)(6). Rule 12(b)(6) is applicable to a counterclaim. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1356 (4th ed. 2020).

In deciding a motion under Rule 12(b)(6), made applicable to adversary proceedings through Bankruptcy Rule 7012(b), the court must take a two-step approach. First, the court "isolate[s] and ignore[s] statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Second, the court "take[s] the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see[s] if they plausibly narrate a claim for relief." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 675 (citing Twombly, 550 U.S. at 555).

6

"[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." Iqbal, 556 U.S. at 663-64. However, when evaluating the plausibility of a legal claim, a court may not "attempt to forecast a plaintiff's likelihood of success on the merits; 'a well-pleaded complaint may proceed even if . . . a recovery is very remote and unlikely.'" Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 13 (1st Cir. 2011) (citing Twombly, 550 U.S. at 556).

### IV. Dr. Crespo's Motion to Dismiss the Complaint

In his motion to dismiss the complaint under Rule 12(b)(1) and 12(b)(6), Dr. Crespo argues that Ms. Santiago is time barred from seeking to except her claims from discharge, and that dismissal is proper since the complaint requests no other relief. (Adv. Dkt. No. 53.) Specifically, the parties disagree as to whether the complaint includes a count for objection to discharge. The court addresses the second argument first before returning to the issue of timeliness.

The Complaint Does Not Include a Count for Objection to Discharge

Before delving into the particulars of the parties' positions on the motion to dismiss the complaint, it is important to keep in mind the distinction between two types of relief offered under the Code, an objection to discharge and an exception to discharge, often referred to as a finding of nondischargeability:

> In contrast to [section] 523, [section] 727 acts as a total denial of discharge of any debts, which allows all the creditors to have a claim against the debtor and his assets, present or future. On the other hand, [section] 523 assumes that a general discharge of the debts is allowed, but some specified debts are exempted from discharge. Under [section] 523, specific debts are excluded from discharge because the debtor acted in "an improper manner at the time that he or she incurred the specific debt."

7

Crisci v. Barnett (In re Barnett), 2004 Bankr. LEXIS 430, at *3-*4 (Bankr. N.D. Ga. Jan. 30, 2004) (quoting Noll v. Noll (In re Noll), 249 B.R. 568, 570 (M.D. Fla. 2000)).

Ms. Santiago maintains that in addition to the two nondischargeabilty counts explicitly set forth in the complaint, as well as the count seeking to apply collateral estoppel to the nondischargeability counts, her complaint also should be read to include a count for objection to discharge under section 727(a).[2]  (Adv. Dkt. No. 72 at pp. 3-4, 13.)  In support of this, Ms. Santiago points to references to sections 727(a),727(c)(1), and Fed. R. Bankr. P. 7001(4) in the complaint caption.  (Adv. Dkt. No. 72 at pp. 3-4.)  The court notes as well that the box for "objection/revocation of discharge" was checked on the adversary proceeding cover sheet attached to the complaint in addition to the boxes for nondischargeability under section 523(a)(2) and (a)(6) and declaratory judgment.  (Adv. Dkt. No. 1 at p. 1.)

As to this, the court points out that the adversary proceeding cover sheet itself states that "[t]he cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court."  (Adv. Dkt. No. 1 at p. 2.)  Rather, "the clerk of the court needs the information to process the adversary proceeding and prepare required statistical reports on court activity."  Id.  While courts have at times granted pro se litigants certain latitude by taking into consideration claims included in the cover sheet but not in the complaint, see e.g., Vu v. Ankoanda (In re Ankoanda), 495 B.R. 599, 603 (Bankr. N.D. Ga. 2013), the plaintiff here is represented by able counsel.  And, courts have shown that their focus in evaluating a motion

---

[2]  In her opposition, Ms. Santiago also argues that Dr. Crespo's motion to dismiss was filed prematurely, an argument that the court can dispense with without need for discussion. (Adv. Dkt. No. 72 at pp. 6-8.)

to dismiss is on the body of the complaint itself, not the cover sheet. See, e.g., Brooks v. Brooks (In re Brooks), 2007 Bankr. LEXIS 552, at *1 n.1 (Bankr. E.D. Tenn. Feb. 15, 2007) (stating that a motion to dismiss for failure to state a claim was denied in the case where the adversary proceeding cover sheet misidentified the plaintiff's cause of action, "stating that the [c]omplaint sufficiently set forth information for the [d]efendant to assess that the [p]laintiff was actually seeking a determination of nondischargeability under [section] 523(a)(5) rather than asserting an objection to discharge under [section] 727.")

In her opposition to the motion to dismiss, Ms. Santiago also relies on two allegations that appear in the complaint. (Adv. Dkt. No. 72 at p. 4.)  The first, included under the heading "First Cause of Action: Nondischargeability of Debts Incurred by False Pretenses, False Representations or Actual Fraud - 11 U.S.C. §§ 523(a)(2); 727(a), 727(c)(1)," states:

> As a direct result of [d]ebtor's fraudulent acts, omissions, concealments, and misrepresentations, the [p]laintiff has suffered damages and has spent more than a decade of litigation in prosecution of the payment of her claims.  If discharge is granted to the [d]efendant, the [c]ourt would, in effect, be granting [d]efendants [sic] a way out of the state court's determinations and supporting a long-standing pattern of false pretenses, representations and actual fraud in prejudice of this [p]laintiff and the bankruptcy estate.

(Adv. Dkt. No. 1 at ¶ 34.)

The second, included under the heading "Second Cause of Action: Nondischargeability of Debts Incurred by Defendant's Willful and Malicious Injury - 11 U.S.C. §§ 523(a)(6); 727(a), 727(c)(1)," similarly states:

> As a direct result of [d]ebtor's fraudulent acts, omissions, concealments, and misrepresentations, the [p]laintiff has been injured, suffered damages and has spent more than a decade of litigation in prosecution of the payment of her claims.  If discharge is granted to the [d]efendant, the [c]ourt would, in effect, be granting [d]efendants [sic] a way out of the state court's determinations and

> supporting a long-standing pattern of willful and malicious asset concealment by fraud in prejudice of this [p]laintiff and the bankruptcy estate.

(Adv. Dkt. No. 1 at ¶ 44.)

While both of the paragraphs cited do make reference to a "discharge" being "granted" and alleged prejudice to the bankruptcy estate, the court does not find this sufficient to give Dr. Crespo fair notice to defend against an objection to discharge count.  See Farias v. Geico, 2009 U.S. Dist. LEXIS 75274, at *4-*5 (E.D. Cal. Aug. 17, 2009) ("The underlying requirement is that a pleading give 'fair notice' of the claim being asserted and the 'grounds upon which it rests.'") (quoting Conley v. Gibson, 355 U.S. 41, 47-48, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)); Omar v. Lindsey, 243 F. Supp. 2d 1339, 1345 (M.D. Fla. 2003) ("Despite the lenience of the Federal Rules of Civil Procedure, it is axiomatic that defendants remain entitled to know exactly what claims are being brought against them.")(citing Rules 8 & 10).

This is because the complaint makes clear that its reference to a "discharge" being "granted" is made in the context of section 523(a).  See Adv. Dkt. No. 1 at ¶ 29 ("When objecting to the discharge under [section] 523(a)(2)(A) . . . .") Ms. Santiago's conflation of terminology may be somewhat understandable, given that section 523, which is entitled "Exceptions to discharge," begins by  referring to the bankruptcy discharge:  "A discharge under section 727, section 1141, [1192,] 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt…," before going on to state the various grounds for exceptions to discharge.  11 U.S.C. § 523(a).  As stated above, though, the two are distinct forms of relief.  See Crisci, 2004 Bankr. LEXIS 430 at *3-*4.  In any event, a close reading of the counts of Ms. Santiago's complaint reveals that the relief sought is in the form of an exception to discharge under section 523(a).

Regarding count I of the complaint for nondischargeability under section 523(a)(2), Ms. Santiago alleges that the debtor substantially under-reported his income on his bankruptcy schedules by: (i) falsely claiming that he had repudiated his inheritance from his mother's estate; (ii) concealing his earnings through the use of an entity he owns, AMO LLC, and with the help of his associate, Asdriel Mendez; and (iii) hiding his remaining interest in two other entities he purportedly sold to Mr. Mendez. (Adv. Dkt. No. 1 at ¶¶ 15-25.)  While these allegations could conceivably support an objection to discharge claim–although the court is not deciding that issue now–the complaint directly ties the debtor's alleged conduct to Ms. Santiago's nondischargeability claim.  Specifically, Ms. Santiago asserts under count I of her complaint that the conduct alleged above is sufficient to make a showing under the First Circuit's test for nondischargeability pursuant to section 523(a)(2)(A), and that her reliance on Dr. Crespo's misrepresentations affected her attempts to settle her claims with him, again referring to the relevant factors under that Code section.  (Adv. Dkt. No. 1 at ¶¶31-33.)

As to count II, the complaint at one point does refer to injuries to other parties, stating:

> The [d]efendant has constantly evaded its obligations with the [p]laintiff and developed a fund [sic] and property concealment pattern to defraud creditors, including [p]laintiff.

(Adv. Dkt. No. 1 at ¶ 41.)

However, the rest of the allegations under this count speak to the elements for a nondischargeability count under section 523(a)(6).  Specifically, Ms. Santiago alleges that Dr. Crespo's failure to comply with the judgments entered in local court in her favor constituted a "willful and malicious" injury to her by forcing her to bring costly litigation against Dr. Crespo spanning more than a decade in order to collect.  (Adv. Dkt. No. 1 at ¶¶ 42-43.)  These

11

allegations again are specifically tied to a nondischargeability claim.

The third count of the complaint, which speaks of the application of collateral estoppel principles to dischargeability claims (Adv. Dkt. No. 1 at ¶¶45 -52), does not help Ms. Santiago's argument either, making no reference to an objection to discharge.  This count ends by stating:

> it is respectfully requested that this Honorable Court grant the non-dischargeability of the debts claimed by the [p]laintiff resulting from the judgments issued by the state court regarding DSO collection and the liquidation of corporate interests, deeming the [p]laintiff's Amended Claim 3 and Claim 11 as non-dischargeable pursuant to the exceptions to discharge in §§ 523, and 727 of the Bankruptcy Code.

(Adv. Dkt. No. 1 at  ¶ 52.)

Finally, the complaint ends with the following prayer for relief, again making no reference to an objection to discharge:

> it is respectfully requested that this Honorable Court grant the non-dischargeability of the debts claimed by the [p]laintiff resulting from the judgments issued by the state court regarding DSO collection and the liquidation of corporate interests, deeming the [p]laintiff's [a]mended Claim 3 and Claim 11 as non-dischargeable pursuant to the exceptions to discharge in §§ 523, and 727 of the Bankruptcy Code.

(Adv. Dkt. No. 1 at p. 16.)

While the prayer makes a passing reference to section 727, which does address objections to discharge under subsections (a) and (c), this section is entitled "Discharge" and deals broadly with all aspects of a discharge under chapter 7, including findings of nondischargeability under section 523.

The court finds that based on the above, the complaint cannot be fairly read to include a count for objection to discharge.  In so doing, the court gives weight to the fact that Ms. Santiago was on notice of the potential defect in her complaint from at least as early as

12

September 6, 2019, when Dr. Crespo raised the issue in his answer and counterclaims. See Adv. Dkt. No. 16 at p. 16 ("Plaintiff failed to request a relief opposing debtor discharge.") And, that the issue was raised again in Dr. Crespo's motion to dismiss, filed April 13, 2020. (Adv. Dkt. No. 53 at pp. 7-9.) Nevertheless, Ms. Santiago waited until July 23, 2020 to move for leave to file an amended complaint to add an objection to discharge as additional relief. (Adv. Dkt. No. 92.) The court denied the motion, agreeing with the grounds raised by Dr. Crespo in his opposition that such a request was untimely given that the deadline to amend the pleadings had expired on June 10, 2020. (Adv. Dkt. Nos. 94 & 98.) This order was entered by the previous judge assigned to the case, and the undersigned finds the most reasonable interpretation of the denial order to be that the court viewed the original complaint not to include an objection to discharge count and determined that it would be unfair to allow the plaintiff to add a new request for relief after the expiration of the agreed-upon deadline to amend the pleadings and conduct discovery. Otherwise, the court could have just deemed the request moot. Nevertheless, the fact remains that Ms. Santiago could have easily resolved the issue by amending the complaint within the allowed time frame.

The Complaint is Time Barred

Turning to the issue of timeliness, different procedural rules apply to objections to discharge and nondischargeability complaints. Under Bankruptcy Rule 4004, a complaint to object to a debtor's discharge must be filed no later than 60 days after the date first set for the meeting of creditors. Fed. R. Bankr. P. 4004(a). The bankruptcy court may extend this deadline "for cause," but, outside of exceptional circumstances that do no apply here, only if the motion is filed prior to the expiration of the deadline. Fed. R. Bankr. P. 4004(b). The

13

bankruptcy court may enlarge the time to file such a complaint "only to the extent and under the conditions stated" in Rule 4004(b).  Fed. R. Bankr. P. 9006(b)(3).

Likewise, the deadline to file a complaint to object to the dischargeability of a debt specified under section 523(c)–which includes the relief sought by Ms. Santiago under sections 523(a)(2) and (a)(6)–is 60 days after the date first set for the meeting of creditors.  Fed. R. Bankr. P. 4007(c).  And, just like Bankruptcy Rule 4004, a court may only grant an extension to file a dischargeability complaint "for cause," and only if the extension request is filed prior to the expiration of the current deadline.  Id.  As with an objection to discharge, the court is limited in granting extensions under Bankruptcy Rule 4007(c) "only to the extent and under the conditions" stated in the rule.  Fed. R. Bankr. P. 9006(b)(3).

Although the deadlines under Bankruptcy Rules 4004(a) and 4007(c) expire at the same time, at least initially, and the procedures for obtaining extensions of time under the two rules are the same, "the deadlines and procedures are set by different rules and relate to two separate causes of action. . . . A request for an extension of one deadline does not automatically extend the other.  Consequently, a party requesting an extension must use the appropriate language, or designate a specific statute or rule section, to ensure that the correct deadline is extended." Rodenberg v. Tyson (In re Tyson), 2010 Bankr. LEXIS 1909, at *7 (Bankr. S.D. Ohio June 24, 2010) (citations omitted).  Courts have strictly construed the plain meaning of these two rules, and have been very hesistant to extend either deadline where these procedures have not been followed absent certain equitable exceptions that Ms. Santiago does not allege here.  See e.g., Francis v. Eaton (In re Eaton), 327 B.R. 79, 81 (Bankr. D.N.H. 2005) ("Rule 9006(b)(3) provides that the [c]ourt may not enlarge the time to file a complaint under Rule

14

4007(c) for any reason outside of the provisions of Rule 4007(c)."); <u>Frati v. Gennaco</u>, 2011 U.S. Dist. LEXIS 6563, at *11 (D. Mass. Jan. 24, 2011) ("[t]he time limit under Rule 4004(a) is strictly construed.")

Here, the bankruptcy case was filed as a chapter 11 on January 13, 2017, but was converted to chapter 7 on August 7, 2018, which reset the deadlines under Bankruptcy Rules 4004 and 4007. Fed. R. Bankr. P. 1019(2); (Bankr. Dkt. Nos. 1 & 194.) Once converted, the new meeting of creditors was set for September 13, 2018, making November 12, 2018 the deadline to object to discharge or file a nondischargeability complaint. Fed. R. Bankr. P. 4004(a) & 4007(c). (Bankr. Dkt. No. 195.)

On November 5, 2018, prior to the expiration of the November 12th deadline, Ms. Santiago filed a request for extension. (Bankr. Dkt. No. 227.) Although titled "Motion Requesting that Allowance of Period to Object to Discharge be Extended for Cause," the motion sought an extension of 180 days "to object [sic] the captioned debtor's discharge be applicable to all for the filing of a dischargeability complaint." <u>Id.</u> Though perhaps not artfully drafted, the prior bankruptcy judge granted the motion, clarifying in the order that "[t]he motion requesting extension of time of one hundred and eighty (180) days to object to the [d]ischarge of [d]ebtor or to determine [d]ischargeability of a [d]ebt" was extended until May 13, 2019. (Bankr. Dkt. No. 246.)

On April 18, 2019, Ms. Santiago filed a second request for extension, this time titled "[Ms Santiago's] Motion for Extension of Time to Object Debtor's Discharge under [section] 727." (Bankr. Dkt. No. 267.) In the prayer for relief, Ms. Santiago sought "an additional extension of time of sixty (60) days to object to Debtor's discharge or to otherwise plead, and

15

any other remedy that this Court considers just and proper." Id. The debtor opposed the motion, and the debtor replied, both arguing about whether any further extension was warranted. (Bankr. Dkt. Nos. 270 & 272.) On May 10, 2019, the court granted the motion, stating that "the motion requesting extension of time of sixty (60) days to object to the [d]ischarge of [d]ebtor is granted," setting July 12, 2019 as the new deadline. (Bankr. Dkt. No. 274.) Ms. Santiago filed this adversary proceeding on July 12, 2019. (Adv. Dkt. No. 1.)

Ms. Santiago contends that "a reasonable interpretation of the travel of the case" leads to the conclusion that the second request for extension–and the order granting it–dealt with the deadlines under both Bankruptcy Rules 4004 and 4007, despite the fact that neither the title of the motion, nor the prayer for relief, nor the court's order specifically reference nondischargeability, section 523(a), or Bankruptcy Rule 4007. (Adv. Dkt. No. 72 at p. 6.) The court is not persuaded.

Case law is clear that, absent some exceptions that do not apply here, courts are constrained by the language of Bankruptcy Rules 4007(c) and 9006(b)(3), and must dismiss untimely filed nondischargeability complaints. See Francis v. Eaton (In re Eaton), 327 B.R. 79, 81 (Bankr. D.N.H. 2005) ("Rule 9006(b)(3) provides that the Court may not enlarge the time to file a complaint under Rule 4007(c) for any reason outside of the provisions of Rule 4007(c)"). As the Eaton court stated, "[l]imitations of time and discretion may impose burdens on the parties," and "may lead to unwelcome results, but they prompt parties to act and they produce finality." Eaton, 327 B.R. at 85 (quoting Taylor v. Freeland & Kronz, 503 U.S. 638, 644, 112 S. Ct. 1644 (1992)).

16

Here, a reasonable reading of Ms. Santiago's second request for extension does not allow for an interpretation that it sought to extend the deadline to file a nondischargeability complaint. Ms. Santiago could have filed essentially the same request as she had the first time, but did not, removing any reference to "nondischargeability" from the prayer for relief. And, once the court had entered the order that did not reference the nondischargeability deadline, she could have moved to alter or amend that order. Again, she did not.

In view of this, the court concludes that the May 10th order only extended the deadline to object to discharge, not the deadline to file a nondischargeability complaint. And, therefore, that Ms. Santiago was time barred from bringing a nondischargeability complaint after May 13, 2019. The adversary complaint, filed July 12, 2019, was thus untimely and is dismissed under Rule 12(b)(1).

**V.      Ms. Santiago's Motion to Dismiss the Counterclaims**

The court now turns to the second pending matter, the motion to dismiss the counterclaims, filed by Ms. Santiago. Dr. Crespo's counterclaims contains three counts: (i) for declaratory judgment that neither of Ms. Santiago's proofs of claim qualify as domestic support obligations; (ii) for a violation of the automatic stay; and (iii) a related claim for civil contempt based on the violation of the automatic stay. (Adv. Dkt. No. 16.)

On October 28, 2019, Ms. Santiago moved to dismiss the counterclaims for failure to state a claim under Bankruptcy Rule 7012(b)(6), arguing in the alternative that the court should abstain from adjudicating the counterclaims since they concern family law issues that are already being addressed as part of ongoing litigation in local court. (Adv. Dkt. No. 24.) With regard to the Rule 12(b)(6) argument, Ms. Santiago asserts that the violation of stay and

17

civil contempt claims should be dismissed since the court lifted the automatic stay in the main bankruptcy case on October 16, 2018. (Adv. Dkt. No. 48 at pp. 6-7.)

In his opposition, Dr. Crespo disputes Ms. Santiago's contention that the counterclaims do not state a basis for relief, arguing that the counterclaims' allegations set forth a cognizable claim under section 362(a)(6), as an "act to collect, assess, or recover a claim" against the debtor. (Adv. Dkt. No. 37 at pp. 2-6.) The debtor also clarifies in his reply that the counterclaims are only seeking to recover for Ms. Santiago's collection efforts made between the date of the filing of the bankruptcy case, on January 13, 2017, up until the date the stay was lifted, on October 16, 2018. (Adv. Dkt. No. 55 at p. 4.) Addressing the abstention argument, Dr. Crespo points out that since Ms. Santiago is seeking to abstain from only particular proceedings within the bankruptcy case, not the entire case, that 28 U.S.C. § 1334(c) is the proper vehicle for such a request, not section 305(a). (Adv. Dkt. No. 55 at pp. 5-6); see In re Efron, 535 B.R. 505, 509-10 (Bankr. D.P.R. 2014). Regardless, Dr. Crespo maintains that Ms. Santiago has not made the requisite showing for such relief. (Adv. Dkt. No. 55 at pp. 5-6.)

As an initial matter, the court notes that the arguments raised by Ms. Santiago in her motion to dismiss do not appear to address the first counterclaim, the declaratory judgment regarding the status of her proofs of claim. (Adv. Dkt. Nos. 24 & 48.) The court therefore denies the motion to dismiss as to this count under Local Rule 9013-2(a). In any event, Dr. Crespo has moved for offensive summary judgment as to that count (Adv. Dkt. No. 93), and the court will be setting a deadline for Ms. Santiago to respond to that motion.

Violation of Stay

The automatic stay under section 362(a) is one of the basic protections afforded to a debtor under the Bankruptcy Code. When a debtor files a bankruptcy petition, his or her property is immediately protected by an automatic stay that prohibits, among other things, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]" 11 U.S.C. § 362(a)(3). And, property of the estate is broadly defined as encompassing any property to which the estate has some right. See, 11 U.S.C. § 541. The automatic stay is extremely broad in scope and "applies to almost any type of formal or informal action taken against the debtor or the property of the estate." 3 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 362.03 (16th ed. 2019). "[T]he automatic stay imposes on non-debtor parties an affirmative duty of compliance." Sternberg v. Johnston, 595 F.3d 937, 943 (9th Cir. 2010). And, "courts must display a certain rigor in reacting to violations of the automatic stay." Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969, 975-76 (1st Cir. 1997).

Section 362(k) provides individuals with a means to redress violations of the stay, stating that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). A willful violation does not require a specific intent to violate the automatic stay; rather, the debtor must show that the defendant intended the actions that constituted the violation and had knowledge of the stay. See, Fleet Mortg. Group v. Kaneb, 196 F.3d 265, 269 (1st Cir. 1999). A debtor alleging a violation of the automatic stay must demonstrate, by a preponderance of the evidence, "(1) that a violation of the automatic stay occurred; (2) that the violation was willfully committed;

19

and (3) that the debtor suffered damage as a result of the violation." Slabicki v. Gleason (In re Slabicki), 466 B.R. 572, 577-78 (B.A.P. 1st Cir. 2012).

For purposes of the Rule 12(b)(6) analysis, the court takes the following factual allegations from the counterclaims as true:

Since the filing of the bankruptcy case, Ms. Santiago has "maintained a concerted pattern and scheme of harassment" against Dr. Crespo in order to collect on her debt. (Adv. Dkt. No. 16, Counterclaims at ¶12.) Specifically, Ms. Santiago, alone and with the aid of their minor daughters, has attempted to gain access to Dr. Crespo's electronic stored data and information regarding his bank accounts and patients. (Adv. Dkt. No. 16, Counterclaims at ¶¶14-15.) And, Ms. Santiago's actions to collect on her debt has caused Dr. Crespo "stress, frustration, and anxiety" and has damaged his relationship with his daughters. (Adv. Dkt. No. 16, Counterclaims at ¶¶16, 40.)

The court finds that Dr. Crespo's counterclaims set forth a plausible basis for relief as to the violation of stay claim and related civil contempt claim based on the same set of facts. In so doing, the court first notes that in this jurisdiction, individual debtors typically move for violation of the automatic stay under section 362(k), while civil contempt is reserved for corporate debtors. See Empresas Martinez Valentin Corp. v. PC P.R. LLC (In re Empresas Martinez Valentin Corp.), 2017 Bankr. LEXIS 941, at *22-*23 (Bankr. D.P.R. Apr. 4, 2017) ("Individual debtors injured by a willful violation of the stay may recover under section 362(k). 11 U.S.C. § 362(k). However, the First Circuit has joined with other circuits in holding that non-individual debtors, including corporations, may only recover for stay violations under the contempt powers of the bankruptcy court through section 105(a).") (citations omitted)

20

As to Ms. Santiago's argument that the violation of stay and civil contempt counts should be dismissed since the automatic stay was lifted, a close reading of the counterclaims reveals that Dr. Crespo is only seeking to recover based on acts occurring between the filing of the bankruptcy case and the date the automatic stay was lifted by the court.  See Adv. Dkt. No. 16 at ¶ 14 ("All of these endeavors were undertaken by [Ms.] Santiago without debtor's knowledge or consent nor with a valid [c]ourt order to allow said activities.") (emphasis added).

In sum, the court finds that the allegations of the counterclaims, taken as true for purposes of adjudicating the motion to dismiss, adequately state a claim under Rule 8(a)(2) that is plausible on its face under Twombly and its progeny.  Dismissal is therefore not warranted under Rule 12(b)(6).

Abstention

Alternatively, Ms. Santiago argues that the court should abstain from adjudicating Dr. Crespo's counterclaims since they concern "inflammatory," non-core matters related to family law.  (Adv. Dkt. No. 24 at pp. 5-7; Adv. Dkt. No. 48 at pp. 3-6.)  To support her argument that the issue is best left to the local courts, Ms. Santiago attached to her reply to the motion to dismiss the counterclaims two motions filed by Dr. Crespo in local court proceedings that she maintains concern the same factual allegations regarding her minor daughters.  (Adv. Dkt. No. 48 at p. 4; Adv. Dkt. No. 88.)  Dr. Crespo responds that the counterclaims are core matters, and that Ms. Santiago's request for abstention should have been brought pursuant to 28 U.S.C. § 1334(c) rather than section 305(a), since she is only requesting that the court abstain from

hearing counts II and III of the counterclaims. (Adv. Dkt. No. 37 at pp. 6-8; Adv. Dkt. No. 55 at pp. 4-6.)

As stated above, Dr. Crespo alleges in counts II and III of the counterclaims that Ms. Santiago violated the automatic stay by "maintain[ing] a concerted pattern and scheme of harassment" against Dr. Crespo in order to collect on her debt, and that she acted alone and with the aid of their minor daughters. (Adv. Dkt. No. 16, Counterclaims at ¶¶12, 14-15.) While the bankruptcy court is sensitive to the local courts' expertise in handling delicate matters involving family law issues, it is well settled that a violation of the automatic stay is a core matter and is thus squarely in the purview of the bankruptcy court. In re N. Parent, 221 B.R. 609, 627 (Bankr. D. Mass. 1998) ("It is beyond dispute that proceedings brought pursuant to 11 U.S.C. § 362 are core.").

Further, since Ms. Santiago requests that the court abstain from only a portion of proceedings rather than the whole case, such a request should properly be made under section 1334(c)(1) of title 28 rather than section 305(a). Section 1334(c)(1) of title 28 provides that nothing "prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. §1334(c)(1). Aside from the three factors already delineated in the statute—justice, comity, and respect for state law—other circuits consider "'the extent to which state law issues predominate over bankruptcy issues', 'the presence of a related proceeding commenced in state court or other nonbankruptcy court', and 'the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties.'" New Eng. Power and Marine,

Inc. v. Town of Tyngsborough (In re Middlesex Power Equip. & Marine, Inc.), 292 F.3d 61, 69 (1st Cir. 2002) (citing Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.), 912 F.2d 1162, 1166-67 (9th Cir. 1990)).

The District Court of Puerto Rico has also considered the following factors: (1) the effect on the efficient administration of the estate if a court abstains, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the unsettled nature of the applicable law, (4) a related proceeding commenced in state court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted core proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court to be enforced in bankruptcy court, (9) the burden on the bankruptcy docket, (10) the likelihood that the bankruptcy court proceeding involves forum shopping by one of the parties, (11) the right to jury trial, and (12) the presence of non-debtor parties. Flores Rivera v. Telemundo Group, 133 B.R. 674, 677 (D. P.R. 1991) (citing In re Tucson Estates, 912 F.2d at 1166). "Not all of these factors are necessarily applicable, and the court also looks at comity as well as other equitable considerations." In re Caribbean Petroleum Corp., 443 B.R. 560, 568-69 (Bankr. D. P.R. 2010).

Ms. Santiago's request for abstention, brought under section 305(a), does not address these factors. The court therefore denies Ms. Santiago's abstention request under Local Rule 9013-2(a) for failure to cite to the relevant controlling authority in support of her position, nor give the pertinent factors, nor relate the pertinent factors to the relevant facts.

23

Finally, in her reply to the opposition to dismiss the counterclaims, Ms. Santiago stated that Dr. Crespo has already moved the local court concerning the matter of their daughters (Adv. Dkt. No. 48 at p. 4; Adv. Dkt. No. 88.) The bankruptcy court notes that no party has updated it on the status of those actions.

## VI. Conclusion

Based on the foregoing, the court hereby grants the debtor's motion to dismiss the complaint at docket number 53 and denies the plaintiff's motion to dismiss the counterclaims at docket number 24.

IT IS SO ORDERED.

In Ponce, Puerto Rico, this 26th day of March 2021.

Edward A. Godoy
U.S. Bankruptcy Judge